**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK (BROOKLYN DIVISION)**
-----------------------------------------------------------x

YOSEF GOLD,

                Plaintiff,

-against-

SHAPIRO, DICARO, & BARAK, LLC; SELECT
    PORTFOLIO SERVICING, INC.

               Defendants.
-----------------------------------------------------------x

COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, YOSEF GOLD, by way of his complaint alleges the following:

## INTRODUCTION

1.     This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1962 ("FDCPA"); and the New York Deceptive Acts and Practices law, General Business Law § 349. These laws prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## JURISDICTION AND VENUE

2.     Jurisdiction is premised on 28 U.S.C. § 1331, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue is premised on 28 U.S.C. §1391 in that the conduct complained of occurred within the territorial jurisdiction of this Court.

## PARTIES

3.     Plaintiff is a natural person who resides in Kings County, State of New York.

4.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

5. Defendant SHAPIRO, DICARO, & BARAK, LLC ("Shapiro") is a law firm with its primary offices located at 175 Mile Crossing Blvd. Rochester, NY 14624. On information and belief, Shapiro's primary business is the prosecution of foreclosure actions in New York.

6. Defendant Shapiro is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

7. Upon formation and belief, Defendant SELECT PORTFOLIO SERVICING, INC. ("SPS") is a foreign business corporation, with its principal executive office at 3217 S. DECKER LAKE DR., SALT LAKE CITY, UTAH, 84119.

8. Defendant SPS is a "debt collector" " as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

## STATEMENT OF FACTS

9. On or about July 28, 2003, nonparty Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Greenpoint Mortgage Funding, Inc. (hereinafter "Greenpoint") entered into a mortgage agreement with the prior owner of 1251 42nd Street, Brooklyn, New York, Unit 5 (hereinafter "Subject Premises"), Plaintiff Yosef Gold a/k/a Yousef Gold (hereinafter "Gold" or "Borrower"), in the principal amount of $270,000.00, presumably to purchase or improve the Subject Premises (hereinafter "Mortgage Agreement 1").

10. On or about September 1, 2006, nonparty MERS as nominee for Greenpoint assigned its interest to Mortgage Agreement 1 to DLJ Mortgage Capital, Inc. (hereinafter "DLJ").

11. On or about September 15, 2006, JPMorgan Chase Bank, N.A. ("Chase") entered into another mortgage agreement with prior-owner Gold in the principal amount of $338,442.14.00, presumably to purchase or improve the Subject Premises (hereinafter "Mortgage Agreement 2").

12. On or about September 15, 2006, JPMorgan Chase Bank, N.A. ("Chase") entered into

another mortgage agreement with prior-owner Gold in the principal amount of $338,442.14.00, presumably to purchase or improve the Subject Premises (hereinafter "Mortgage Agreement 2").

13.     On or about September 15, 2006, Chase entered into a Consolidation, Extension, Modification Agreement which consolidated Mortgage Agreement 1 and Mortgage Agreement 2, which created a combined principal due of $600,000.00 (hereinafter referred to as "CEMA" or "Mortgage Agreement 3").

14.     On or about April 10, 2008, Chase assigned its interest in Mortgage Agreement 3 to Chase Home Finance LLC (hereinafter "CHF").

15.     On or about April 11, 2008, Chase Home Finance, LLC, commenced a foreclosure action against Plaintiff by filing a summons and complaint in the Supreme Court of Kings County bearing index number 11803/2008 ("2008 Foreclosure Action).

16.     On or about December 12, 2008, the Subject Property was transferred to Zahav Family Trust (hereinafter "Owner" or "Zahav Trust") acquired the Subject Premises.

17.     On or November 21, 2013, the 2008 Foreclosure Action was dismissed for abandonment by order of Supreme Court Justice Hon. Lawrence Knipel, pursuant to CPLR §3215(c).

18.     On or about February 4, 2014, CHF assigned its interest in Mortgage Agreement 3 to The Bank of New York Mellon Trust Company, NA, successor to The Bank of New York Trust Company, NA, as trustee, for Chase Mortgage Finance Trust Multi-Class Mortgage Pass-Through Certificates, Series 2007-S2 (hereinafter "Plaintiff" or "BNY").

19.     On or around October 5, 2017, over three years after the statute of limitations expired, Defendant SPS sent a letter captioned "YOU MAY BE AT RISK OF FORECLOSURE. PLEASE READ THE FOLLOWING NOTICE CAREFULLY" to Plaintiff. (See **Exhibit A**). The letter, among other things states: "As of October 5, 2017, your home is 1922 days and $307,409.68 in

default. Under New York State Law, we are required to send you this notice to inform you that you are at risk of losing your home."

20. The SPS letter further states "If you have not taken any action to resolve this matter within 90 days from the date this notice was mailed, we may commence legal action against you (or sooner if you cease to live in the dwelling as your primary residence.)"

21. The SPS letter further concedes Defendant's SPS's status as a debt collector, stating:

> This communication from a debt collector is an attempt to collect a debt and any information obtained will be used for that purpose.

22. On or around October 6, 2017, Defendant SPS sent a second letter titled "NOTICE OF DEFAULT - RIGHT TO CURE."

23. The letter further stated:

| Itemization of Amount Required to Cure<br>Cure Date: November 5, 2017 | |
|---|---|
| Payment due for July 1, 2012 | $ 305,607.68 |
| *Total amount due includes Escrow Payments (Taxes/Insurance) of $476.64* | |
| Accrued Late Charges | $0.00 |
| Advances made on Customer's behalf | $1,802.00 |
| Escrow advance balance (Deficit) | $0.00 |
| **Total Amount Outstanding** | $ 307,409.68 |
| Unapplied balance | $ 0.00 |
| **AMOUNT REQUIRED AS OF October 6, 2017 TO CURE THE DEFAULT** | **$ 307,409.68** |

24. Upon information and belief these letters were mailed out by Defendant Shapiro at the behest of Defendant SPS.

25. On March 2, 2018, after the statute of limitations expired, and after all payments were duly accelerated making all the payment due, US Bank National Association ("US BANK"), commenced a foreclosure action in Kings County Supreme Court under index number

-4-

501016/2018 ("2018 Foreclosure"), against Plaintiff Yosef Gold to foreclose on the Subject Property.

26. The 2018 Foreclosure was commenced by Defendant Shapiro.

27. Upon information and belief Defendant Shapiro commenced the 2018 Foreclosure at the behest of and under the direction of Defendant SPS.

28. On or about March 1, 2018, Plaintiff Gold filed an answer with counterclaims seeking, among other reliefs, an order cancelling and discharging the mortgage as time-barred.

29. On or about August 21, 2018, a Decision and Order was issued by the Hon. Noach Dear, Kings County Supreme Court, dismissing the 2018 Foreclosure Action as past the statute of limitations.

## FIRST CAUSE OF ACTION
(Violation of Fair Debt Collection Practices Act)

30. Plaintiff repeats and realleges and incorporated all the allegations made in paragraphs 1 through 22 as if fully set forth herein.

31. Letters akin to those sent by Defendants are to be evaluated under the "unsophisticated consumer" standard.

32. Defendants SPS & SHAPIRO violated the following provisions of the FDCPA:

    a. 15 U.S.C. § 1692e, by using false and deceptive representations in connection with the collection of the debt claimed to be owed by Plaintiff;

    b. 15 U.S.C. § 1692e(2), by misrepresenting the character, amount, or legal status of the asserted debt; and

    c. 15 U.S.C. § 1692e(5), by threatening to take an action that cannot legally be taken or that is not intended to be taken.

33. As a result of Defendants threats to sue to take the home, Plaintiff has suffered and continues to suffer severe emotional distress and anxiety.

34. As a result of Defendants 2018 Foreclosure Action which was time barred by the statute of limitations, Plaintiff has suffered and continues to suffer severe emotional distress and anxiety.

35. Defendants are therefore liable to Plaintiff for actual, statutory, as well as reasonable costs and attorneys' fees.

## SECOND CAUSE OF ACTION
(Violation of the General Business Law)

36. Plaintiff repeats and realleges and incorporated all the allegations made in paragraphs 1 through 27 as if fully set forth herein.

37. General Business Law section 349 prohibits the use of deceptive or unfair practices in connection with the collection of debts.

38. Defendants SPS & SHAPIRO engaged in deceptive conduct in the collection of debts.

39. This deceptive conduct included commencing a foreclosure action on a mortgage that Defendants SPS & SHAPIRO knew was past the statute of limitations and not legally collectible.

40. This conduct was materially deceptive and Plaintiff has suffered actual injury as a result.

41. Plaintiff is entitled to damages and attorneys' fees as a result of Defendants' violation of GBL § 349.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests this Court to:

    a. Award actual damages in an amount to be determined at trial;

    b. Award statutory damages as set forth above;

  c. Award reasonable attorney's fees, costs and disbursements; and

  d. Award such other and further relief as this Court may deem just and proper

Date: November 28, 2018
Kew Gardens, New York

          Yours etc.,
     SHIRYAK, BOWMAN, ANDERSON, GILL &
       KADOCHNIKOV, BOWMAN LLP

      __/S/ Btzalel Hirschhorn, Esq. _____
      Btzalel Hirschhorn, Esq.
      Attorneys for Plaintiff
      8002 Kew Gardens Rd., Ste. 600
      Kew Gardens, NY 11415
      718-263-6800
      Bhirschhorn@abzlaw.com
      Counsel for Plaintiff Yosef Gold