Adam M. Swanson
Partner
T. 203-399-5928
F. 203-399-5810
aswanson@mccarter.com

McCarter & English, LLP
One Canterbury Green
201 Broad Street
Stamford, CT 06901
T. 203.399.5900
F. 203.399.5800
www.mccarter.com

BOSTON

HARTFORD

STAMFORD

NEW YORK

NEWARK

EAST BRUNSWICK

PHILADELPHIA

WILMINGTON

WASHINGTON, DC

**VIA ECF**

March 1, 2019

Hon. Pamela K. Chen, U.S.D.J.
United States District Court, E.D.N.Y.
255 Cadman Plaza East
Brooklyn, NY 11201-1800

Re:   *Gold v. Shapiro, Dicaro, & Barack, LLC*, et al. (1:18-06787)

Dear Judge Chen:

We represent Defendants, Select Portfolio Servicing, Inc. ("SPS") and The Bank of New York Mellon Trust Company, Trustee ("BONY") (collectively, "Defendants"). Pursuant to Your Honor's February 5, 2019 Order, we submit this letter in further support of Defendants' Motion to Dismiss and in response to Plaintiff Yosef Gold's ("Gold") Opposition.

Since Defendants first suggested dismissal, Gold has been trying in vain to save this lawsuit. Gold filed an Amended Complaint, added BONY as a party, and added bare allegations of alter ego and agency -- all to manufacture claims. Gold's opposition here is yet another attempt to save this lawsuit by proffering facts not alleged in any pleading.

Importantly, Gold now admits in opposition that the 2018 Foreclosure Action against him is ongoing and that he suffered no injury as a result of the two letters SPS sent him in October 2017 (the "Letters") -- despite pleading the exact opposite. Gold also fails to meaningfully address many of Defendants' arguments in favor of dismissing the Amended Complaint. The Amended Complaint is barred by the statute of limitations and fails to state a claim; this action must be dismissed.

### I. Gold Fails to State a Claim because there was no False Representation

Gold alleges violations of two specific sections of the FDCPA, one of which is § 1692e(2)— that there was a "false representation" about the "character, amount, or legal status" of the debt. Defendants never made a false representation about the debt because the debt was and is still owed and BONY has the right to repayment.

### A. A Debt Barred by the Statute of Limitations is not Invalid

In opposition, Gold admits that "the pending January 2018 foreclosure action" is "still continuing" and therefore there has been no determination that the 2018 Foreclosure Action was improperly filed. (*See* Opposition, at p. 2.) The statute of limitations is procedural, and not substantive and any finding that Gold established a

ME1 29620164v.4

March 1, 2019
Page 2

defense under the statute of limitations to the 2018 Foreclosure Action is not a misrepresentation *ipso facto*. Statements concerning the debt in the complaint of the 2018 Foreclosure Action were true. Gold's debt was -- and still is -- due. As a matter of New York law, the statute of limitations does not extinguish a debt; it only precludes a remedy. *In re Hess*, 404 B.R. 747, 749 (Bankr. S.D.N.Y. 2009) ("While the statute of limitations precludes a remedy, it does not extinguish the creditor's underlying substantive right to repayment."). The statute of limitations is a waivable affirmative defense. *Liberty Mut. Ins. Co. v. Mohabir*, 115 A.D.3d 413, 414 (1st Dep't. 2014). A debt does not become invalid by the running of the statute of limitations. *See Ayres v. Portfolio Recovery Assocs., LLC*, 2018 U.S. Dist. LEXIS 192315, *5, (D. Utah Nov. 8, 2018). Thus, the state court's application of a procedural bar in the 2018 Foreclosure Action does not change the character of the debt and the 2018 Foreclosure Action complaint did not falsely represent the debt.

### B. SPS was not a Party and BONY is the Original Creditor

Neither SPS nor BONY can be liable for an FDCPA violation related to the 2018 Foreclosure Action. SPS was not a party to the 2018 Foreclosure Action and to the extent commencing that action could be an FDCPA violation, SPS cannot be liable. BONY commenced the 2018 Foreclosure Action and BONY cannot be liable either because it is a "creditor" exempt from liability under the FDCPA. *See* 15 USC § 1692a(6)(F). Attempting to side-step these legal issues, Gold makes the bare and conclusory allegation that SPS is an alter-ego of BONY. *Gym Door Repairs, Inc. v. Young Equip. Sales, Inc.*, 206 F. Supp. 3d 869, 911 (S.D.N.Y. 2016). ("Conclusory allegations are insufficient to survive a motion to dismiss."). Then, Gold alternately posits that BONY is vicariously liable as agent of SPS. This circular argument must fail. Moreover, Gold's only "evidence" is that SPS and BONY have the same corporate address and is therefore not plausible.

The Amended Complaint, on its face, fails to state a cause of action because Gold cannot prove the 2018 Foreclosure Action violated the FDCPA, even if every allegation in the Complaint here were true. Gold cannot establish that SPS or BONY misrepresented the debt because it was and in-fact, owed -- even if the statute of limitations was a proper defense. In fact, Gold does not even dispute this fact in opposition. Finally, since the 2018 Foreclosure Action has not fully resolved, which Gold now admits in Opposition -- the question remains before the state court and this Court should not decide it.[1]

---

[1] In the event that the Court does not dismiss the Amended Complaint, Defendants request that the action be stayed pending resolution of the 2018 Foreclosure Action under the *Colorado River* abstention doctrine. *See Sitgraves v. Federal Home Loan Mtge. Corp.*, 265 F. Supp. 3d 411, 413 ("In *Colorado River*, the Supreme Court determined that a federal court may decline to proceed with a case, which is properly before it, when parallel litigation is pending in a state court.")

March 1, 2019
Page 3

### II.  Defendants did not Threaten Action that Cannot be Legally Taken

The second specific FDCPA violation that Gold alleges is § 1692e(5) -- that the defendant threatened to take any action that cannot be legally taken.  The basis of Gold's claim here is that in the Letters, Defendants threatened to bring the 2018 Foreclosure Action.  However, since the Letters are outside the statute of limitations, Gold tries by sleight of hand to bootstrap the Letters with commencement of the 2018 Foreclosure Action by arguing he suffered no injury as a result of the Letters, but instead when the 2018 foreclosure action was commenced.  (*See* Opposition, at p. 2.)   This claim fails because commencing the 2018 Foreclosure Action was legally authorized and proper.

In *Midland Funding , LLC v. Johnson*, 137 S. Ct. 1407 (2017), the Supreme Court held that the filing of a proof of claim in bankruptcy by a debt collector, where the debt is time-barred is not a violation of the FDCPA. *Id.* at 1411.  The Supreme Court directed that state law controls the inquiry and that in that case, "Alabama's law, like the law of many States, provides that a creditor has the right to payment of a debt even after the limitations period has expired." *Id.*  The Supreme Court emphasized that the bankruptcy law, like New York law, treats statute of limitations as an affirmative-defense to a claim seeking to recover a debt. *Id.* at 1412 ("The law has long treated unenforceability of a claim (due to the expiration of the limitations period) as an affirmative defense.").  Consequently, as the High Court explained, Gold's affirmative defense in the 2018 Foreclosure Action did not change BONY's right to commence the 2018 Foreclosure Action.

The reasoning of *Midland Funding* is equally applicable here.  Even if a claim is not ultimately enforceable, that does not render it misleading or deceptive.  *See Id.* (stating there is "nothing misleading or deceptive in the filing of a proof of claim" even when the statute of limitations on the debt has expired).  Furthermore, the Supreme Court was concerned that creating FDCPA liability for a proof of claim that ultimately is unenforceable imposes liability on creditors to investigate the merits of *affirmative defenses* prior to asserting a claim.  *Id.* at 1415.  Similarly, there are a multitude of affirmative defenses available to defendants facing foreclosure, any of which might ultimately be successful.  To create FDCPA liability in this situation for Gold asserting a successful affirmative defense would create liability whenever a defendant defeats a claim by a creditor.  That is contrary to the reasoning in *Midland Funding* and would create penalties against creditors simply for bringing actions with unsuccessful outcomes.  Defendants were within their rights to file the 2018 Foreclosure Action, regardless of the ultimate outcome.

### III.  *Noerr-Pennington* Bars All of Gold's Claims

Gold argues that the Second Circuit in *Singh v. NYCTL 2009-A Tr.*, 683 F. App'x 76 (2d Cir. 2017), "explicitly rejected the idea that a *Noerr-Pennington* claim would

March 1, 2019
Page 4

apply in cases involving the FDCPA." There is no such distinction in the opinion of the Second Circuit. In fact, the Second Circuit held that:

> We need not address Singh's arguments concerning New York law or the adequacy of his pleadings because all of his claims are barred by the *Noerr-Pennington* doctrine.
>
> * * *
>
> Here, each of Singh's claims is predicated on the defendants' alleged misrepresentations in demand letters, and settlement communications. These claims are barred under the *Noerr-Pennington* doctrine.

683 F. App'x at 77-78. No such distinction was drawn among the several claims before the Second Circuit. The Second Circuit later observed, with respect to an unidentified legal argument, that "we find Singh's FDCPA arguments unavailing." *Id.* at 78. That statement in no way limits the broader statement by the Second Circuit that the *Noerr-Pennington* doctrine barred "all of his claims."

The circumstances here are exactly what *Noerr-Pennington* is designed to protect. Gold is arguing that the singular act of commencing the 2018 Foreclosure Action was a violation of the FDCPA. The Letters cannot be, because they are outside the one-year FDCPA statute of limitations. Gold's aim is to create an FDCPA claim each time a debtor establishes a defense to collection. However, as the Supreme Court instructed in *Midland Funding*, to assess the "representation" under the FDCPA, the nature of the debt must be determined at the time the representation is made – not after the court has imposed a procedural bar. Here, when the 2018 Foreclosure Action was commenced, the debt remained due and owing as a matter of New York law. *See* Pt. I(A), *supra*.

Lastly, Gold has not challenged – and has therefore abandoned – any argument that the 2018 Foreclosure Action was a sham. The only exception to *Noerr-Pennington* immunity is if the 2018 Foreclosure Action were a "sham," meaning "objectively baseless." *See Hirschfeld v. Spanakos*, 104 F.3d 16, 19 (2d Cir. 1997) ("[O]bjectively baseless in the sense that no reasonable litigant could realistically expect success on the merits. If an objective litigant could conclude that the suit is reasonably calculated to elicit a favorable outcome, the suit is immunized under *Noerr*[.]").

In fact, this implicit admission that the 2018 Foreclosure Action was not a "sham" supports Defendants' argument that the FDCPA claim must be dismissed. Gold is implicitly admitting that BONY had an objective reason to believe that it could succeed – i.e., that perhaps the statute of limitations defense would not be waived

March 1, 2019
Page 5

or tolled. For this reason Defendants did not make a misrepresentation and did not threaten action that could not be legally taken.

### IV. Gold's New York General Business Law Count Must Be Dismissed

Defendants explained in their February 1, 2019 letter seeking dismissal that commencing a lawsuit is not "consumer oriented conduct" required by GBL § 349(a).[2] "To successfully assert a [§ 349] claim, a plaintiff must allege that a defendant has engaged in (1) consumer oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice." *City of New York v. Smokes-Spirits.com, Inc.*, 12 N.Y.3d 616, 621 (2009).

The Eastern District has specifically held that a GBL § 349 claim premised on the actions of a mortgage holder filing a foreclosure fails to state a claim because it is not consumer-oriented conduct. *See Rice v. Schaefer*, 2018 U.S. Dist. LEXIS 167152 at *16-17 (E.D.N.Y. Sept. 27, 2018). In *Angermeir v. Cohen*, 14 F.Supp 3d 134 (S.D.N.Y. 2014) the court held that filing a lawsuit was not "consumer oriented" under GBL 349 and the court dismissed plaintiff's claim. *Id.* at 156-57. Here, instituting a foreclosure lawsuit is similarly not "consumer oriented." *See Id.* (holding that even allegations of "false statements" and "fraud on the court[s]" fail to plead a consumer-oriented conduct under N.Y. Gen. Bus. Law § 349).

Further, Gold does not identify any injury allegedly suffered and instead simply states "Plaintiff has suffered actual injury". Amended Compl. at ¶ 48. Despite Gold's conclusory statements otherwise, his claims do not meet the three required prongs and he fails to state a claim for violation of GBL § 349 as a matter of law.

For these foregoing reasons, Defendants respectfully request that the Court dismiss the Amended Complaint, or, in the alternative, stay the action pending resolution of the 2018 Foreclosure Action.

We thank the Court for its consideration.

Respectfully submitted,

*/s Adam M. Swanson*
Adam M. Swanson


cc:    Btzalel Hirschhorn, Esq.

---

[2] This count would also be protected under *Noerr-Pennington* for the reasons discussed above.