

Alexander Shiryak, Esq.
Dustin Bowman, Esq.
Mark Anderson, Esq.
Navpreet K. Gill, Esq.
Alexander Kadochnikov, Esq.

80-02 Kew Gardens Road, Suite 600, Kew Gardens, New York
Tel: (718)-577-3261       Fax: (718)744-2455

May 14, 2019

Honorable Pamela K. Chen
United States District Court, E.D.N.Y.            **Via ECF**
255 Cadman Plaza East
Brooklyn, NY 11201

**Re:     Gold v. Shapiro, Dicaro, & Barack, LLC,  et al (1:18-06787)**

Dear Judge Chen,

This firm represents the Plaintiff Yosef Gold ("Gold") in the above-captioned matter.

Pursuant to Your Honor's March 21 and March 22, 2019 Orders, Plaintiff submits his letter in further opposition to Defendants motion to dismiss.

We incorporate by reference all prior opposition papers and arguments made during oral argument.

**I.     BONY is a "debt collector" and is liable under FDCPA because Gold's mortgage note was assigned to it after the alleged default.**

"District courts in the Second Circuit have interpreted section 1692a(6) to exclude from the definition of an FDCPA debt collector the originating creditors, as well as their assignees and loan servicers who obtain a debt **prior to default**." (emphasis added) ValleCastro v. Tobin, Melien & Marohn, 2015 U.S. Dist. LEXIS 145661, at *11 (D. Conn. Oct. 27, 2015); Thomas v. Am. Serv. Fin. Corp., 966 F. Supp. 2d 82 (E.D.N.Y. 2013).

"When a servicer or assignee acquires the debt after it has gone into default, however, the exemption does not apply because, under the FDCPA, "the classification of debt collector depends upon the status of a debt, rather than the type of collection activities used." Id. Alibrandi v. Fin. Outsourcing Servs., 333 F.3d 82, 86 (2d Cir. 2003).

There is no doubt that BONY acquired Plaintiff's debt only after default. Otherwise BONY could not accelerate the alleged debt and initiate foreclosure proceedings.

Therefore, Defendant BONY is a debt collector under the FDCPA and is liable to Plaintiff for the violations committed.

**II.     Obduskey does not abrogate Cohen v. Rosicki & Rosicki because its ruling only exempts nonjudicial foreclosures from the FDCPA.**

In Obduskey v. McCarthy & Holthus LLP, the Supreme Court ruled that FDCPA does not apply to **nonjudicial** foreclosures (emphasis added) 139 S. Ct. 1029 (2019).

Despite BONY and SPS's arguments to the contrary, the text of Obduskey's decision on the matter could not be clearer: "**but for §1692f(6), those who engage in only nonjudicial foreclosure proceedings are not debt collectors within the meaning of the Act**. " Obduskey, at 1038 (2019) (emphasis added)

Obduskey's reasoning does not apply to judicial foreclosures. On March 22, 2019, Judge Nelson S. Roman of the Southern District Court of New York distinguished Obduskey as inapplicable to cases where judicial foreclosures are at issue.

> Obduskey only concerned a nonjudicial foreclosure and an entity regularly engaging in nonjudicial foreclosures. There is no allegation here, and it is certainly not clear from the face of the Complaint, that Defendant … was collecting or attempting to collect on nonjudicial foreclosures. Therefore, because the issue here involves a judicial foreclosure, the Court will proceed under existing binding precedent for judicial foreclosures.

Werner v. Selene Fin., LLC, 2019 U.S. Dist. LEXIS 48509, at *10 n.9 (S.D.N.Y. Mar. 22, 2019)

**III.    RPAPL § 1371 allows Defendants to pursue deficiency judgment should they so choose.**

BONY argues that it is not liable under FDCPA because they did not seek deficiency judgment. The questions is not whether they sought deficiency judgment. The question is whether they **could** seek deficiency judgment, and they certainly could.

RPAPL § 1371 contains the procedure for seeking deficiency judgment. RPAPL § 1371(2) states in pertinent part:

> Simultaneously with the making of a motion for an order confirming the sale, … the party to whom such residue shall be owing may make a motion in the action for leave to enter a deficiency judgment upon notice to the party against whom such judgment is sought….

A foreclosure sale is a necessary prerequisite before seeking a deficiency judgment. FDIC v 1873 W. Ave. Corp., 225 A.D.2d 893, 895 (3d Dept 1996).

**IV.    Midland Funding is inapplicable in the case at bar.**

"The Supreme Court [in Midland Funding, LLC v. Johnson] held that 'filing of a proof of claim [in bankruptcy court] that on its face indicates that the limitations period has run does not violate any provision of the FDCPA.'" Arias v. Gutman, Mintz, Baker & Sonnenfeldt LLP, 875 F.3d 128, 137 (2d Cir. 2017)

The Arias Court recognized that protections afforded to the debtor in the context of bankruptcy proceedings are a lot greater than those afforded to the debtor in the context of garnishment proceedings or for that matter the foreclosure proceedings, akin to the case at bar.

There is no immunity from FDCPA from litigation conduct. Eades v. Kennedy, PC Law Offices, 799 F.3d 161, 172 (2d Cir. 2015)

**V.    GBL 349 applies to Defendants' deceptive notices.**

In support of its motion to dismiss the GBL 349 portion of the Complaint, BONY and SPS allege: (a) the letters are not consumer oriented; (b) a foreclosure lawsuit is not consumer oriented; (c) sending a statutorily and contractually mandated letter and notice in not deceptive or misleading.

First, Plaintiff never alleged that GBL 349 applies to a lawsuit, only to the deceptive notices sent.

Second, BONY and SPS allege that letters sent were not consumer oriented. BONY and SPS rely in part on a New York Univ. v. Continental Ins. Co. 87 N.Y.2d 308 (1995). The conduct could not be consumer oriented in New York Univ. because it involved "parties [that] were a major university acting through its director of insurance, and a large national insurance company…."New York Univ. v Cont. Ins. Co., at 321.

The situation in the instant case could not be more different that in New York Univ.

Defendants claim that Plaintiff failed to allege facts necessary to establish Defendants' consumer-oriented conduct. Nothing could be further from the truth. This FDCPA action, the foreclosure action, the notices sent, are related to a consumer loan issued to finance a purchase of a residential property. Defendants conduct cannot get anymore consumer oriented.

Defendants argue that they cannot be held liable under GBL 349 because Defendants "October 5 letter substantive recites the exact statutorily mandated text and, therefore *per se* cannot be deceptive…"

RPAPL § 1304 provides a text of the required notice to the borrower and contains some space that the creditor is supposed to fill in the blanks:

"As of_____ , your home loan is_____days and_____dollars in default. Under New York State Law, we are required to send you this notice to inform you that you are at risk of losing your home."

According to the Defendants this notice cannot *per se* be deceptive. Notice sent to the Plaintiff stated the following:

"As of October 5, 2017, your home is 1922 days and $307,409.68 in default. Under New York State Law, we are required to send you this notice to inform you that you are at risk of losing your home "

By the time the above notice was sent, Plaintiff herein was never at risk of losing his home because the alleged debt was outside the statute of limitations. Therefore, this notice along with October 6 notice was deceptive.

## CONCLUSION

For reasons stated above, at previous submissions and at oral argument Plaintiff is respectfully requesting this Honorable Court to deny Defendants motion to dismiss in entirety or in the alternative to allow the Plaintiff to amend his Complaint.

    Sincerely,

    /s/Alexander Kadochnikov

    Alexander Kadochnikov